KILPATRICK TOWNSEND & STOCKTON LLP
SUSAN W. PANGBORN (State Bar No. 282533)
spangborn@kilpatricktownsend.com
KENDRA C. CHAPMAN (State Bar No. 294030)
KChapman@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:415 576 0200
Facsimile: 415 576 0300

Attorneys for Defendants
IQVIA INC., Q SQUARED SOLUTIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FLANDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>IQVIA, INC., Q2 SOLUTIONS, LLC, APEX SYSTEMS, LLC,<br><br>        Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>**(DIVERSITY OF CITIZENSHIP)**<br><br>Complaint Filed:   June 20, 2022 |

PLEASE TAKE NOTICE THAT Defendants IQVIA Inc. ("IQVIA") and Q Squared Solutions LLC ("Q Squared"), hereby remove this action from the Superior Court of the State of California, County of Orange, Case No. 30-2022-01265440-CU-OE-CJC (the "State Court Action"), to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446 on the following grounds:

## I.    STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because the suit is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest

NOTICE OF REMOVAL (DIVERSITY OF CITIZENSHIP)                                                      - 1 -
CASE NO.

and costs." As set forth below, this case meets all the statutory requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   STATE COURT ACTION

1.   On June 20, 2022, Plaintiff filed the State Court Action, alleging: (1) Sexual Harassment and Harassment Based on Sexual Orientation in Violation of FEHA, Gov't Code § 12940, *et. seq.*; (2) Failure to Prevent Sexual Harassment and Harassment Based on Sexual Orientation in Violation of FEHA, Gov't Code § 12940(k), *et. seq.*; (3) Failure to Accommodate in Violation of FEHA, Gov't Code § 12940; (4) Negligent Supervision and Retention in Violation of FEHA; (5) Intentional and Negligent Infliction of Emotional Distress; (6) Retaliation in Violation of FEHA, Gov't Code § 12940, *et. seq.*; (7) Violation of Labor Code § 1102.5 (Whistleblower); (8) Wrongful Termination and Failure to Hire in Violation of Public Policy; (9) Violation of Civil Code § 51.7 & 52 (Ralph Civil Rights Act); (10) Violation of Civil Code § 52.1 & 52 (Bane Civil Rights Act); and (11) Breach of Contract.

2.   Q Squared and IQVIA were each served with a summons and a copy of the Complaint on July 29, 2022. Service was therefore completed on them on July 29, 2022. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other processes, pleadings, and orders served upon Q Squared and IQVIA in the State Court Action are attached as **Exhibits A through E** to the Pangborn Declaration.

3.   Upon information and belief, service on Apex Systems, LLC has not been completed as of the date of this filing.

## III.   PROCEDURAL REQUIREMENTS FOR REMOVAL

4.   In accordance with 28 U.S.C. § 1446(b)(1), Q Squared and IQVIA are filing this Notice of Removal within thirty days from the date service of the Complaint was effectuated on them.

5.   Promptly after filing this Notice of Removal, Q Squared and IQVIA will give written notice of the removal to Plaintiff and to the Clerk of the Court in

NOTICE OF REMOVAL (DIVERSITY OF CITIZENSHIP)                                    - 2 -
CASE NO.

the State Court Action, as required by 28 U.S.C. § 1446(d).

6. The Superior Court of California, Orange County, is located within the jurisdiction of the Central District of California. This Notice of Removal is therefore properly filed in this United States District Court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

7. As set forth more fully below, removal is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because (1) there is complete diversity of citizenship; (2) no defendant is a citizen of the State of California; and (3) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## IV. DIVERSITY OF CITIZENSHIP JURISDICTION

8. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States," 28 U.S.C. § 1332, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(a).

9. Upon information and belief, Plaintiff is a citizen of California. (Compl. ¶ 8.)

10. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. IQVIA is incorporated under the laws of the State of Delaware and has its principal place of business in North Carolina. (*See* Declaration of Susan W. Pangborn ("Pangborn Decl.") at ¶ 7.) Therefore, IQVIA is a citizen of Delaware and North Carolina.

11. For diversity jurisdiction purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). All of the members of Q Squared are citizens of the State of North Carolina. None of the members of Q Squared are citizens of the State of California. (*(*Pangborn Decl. at ¶ 8.)

12.    Upon information and belief, none of the members of Apex Systems LLC are citizens of the State of California. (Pangborn Decl. at ¶ 6.) Apex Systems LLC is registered with the California Secretary of State as a Virginia limited liability company and its principal address is in Virginia. Accordingly, Plaintiff and all defendants are citizens of different states.

## V.    AMOUNT IN CONTROVERSY

13.    "A removing party's notice of removal need include only 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1006-07 (C.D. Cal. 2020) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

14.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (cleaned up).

15.    Plaintiff has plead that the amount in controversy exceeds $25,000.00. (Compl. ¶ 76.) Additionally, Plaintiff seeks to recover damages for past and future lost wages and benefits, emotional distress, medical and other incidental expenses, statutory and punitive damages. (*See* Compl. Request for Relief ¶¶ 1-10.) Assuming a jury returns a verdict in Plaintiff's favor on all of his claims, it is plainly more likely than not that the amount in controversy in this case exceeds $75,000.

WHEREFORE, the Q Squared and IQVIA hereby remove the State Court Action filed by Plaintiff Adam Flanders from the Superior Court of California, Orange County, to this Court.

///

///

///

///

NOTICE OF REMOVAL (DIVERSITY OF CITIZENSHIP)                                              - 4 -
CASE NO.

DATED:  August 26, 2022          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
        SUSAN W. PANGBORN

Attorneys for Defendants
IQVIA INC., Q SQUARED SOLUTIONS LLC

## **PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, CA 94111.

On the date set forth below, I served the foregoing document entitled **NOTICE OF REMOVAL (DIVERSITY OF CITIZENSHIP)** on the interested parties in this action, as follows:

| | |
|---|---|
| Adam Flanders<br>P.O. Box 1198<br>Sacramento, CA 95812 | Tel.: 207-323-0241<br>Email: adamsunny@me.com |

☒ [By E-Mail] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the foregoing document at my place of business, by placing true copies thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service where they would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [By Hand] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on August 26, 2022, at San Francisco, California.

_____
Esther Cerletti

20675785V.1

NOTICE OF REMOVAL (DIVERSITY OF CITIZENSHIP)                                    - 6 -
CASE NO.